By the court, Assuming, as was probably done on- the trial, that the fire engine house and lot on which it is erected, were owned by the defendant, that is *461 no proof that the alteration or raising of the building was' done by or for it. On the contrary, the evidence shows this was done by the engine.company, and that the defendant had no connection whatever with the work. The county judge therefore properly came to the conclusion that “under the testimony, neither the fire company nor the builders who erected the wall, can be considered as the agents or employees of the defendants in building it, and therefore, the defendants cannot be held liable as for the injury resulting from the carelessness of workmen employed by them in the performance of work which they were required or authorized to do or have done.” He, however, affirmed the judgment in favor of the plaintiffs, on the principle as stated by him, “ that all owners of real property, and especially where the property is actually improved and • occupied by the owner, are bound so to use it as not to injure the property of others, and that any improper or careless use of it, whether by the owner personally, or by a person or persons by him put in charge of it, creating a liability to produce injury to others without their fault, will, when the injury actually occurs, render the owner liable to the party injured for damages resulting therefrom.” .
Lott, Justice.
*461 Conceding the principle laid down by him to be correct, I do not see how it can on the facts in this case be applied to sustain the judgment. It assumes‘the right of an owner to use his own property properly, and a liability to a party injured thereby, is based on an improper or careless use of it. If the defendant had authorized and actually contracted for the performance of the work which resulted in the injury complained of, that could not be construed into an improper or careless use of the property. Every owner of real estate, has the right to improve ik either by the erection of new buildings thereon, or the alteration and improvement of those already erected. That right is generally exercised through the agency of other persons *462 employed to do the necessary work, and unless it affirmatively appears that in making the contract for its execution some improper act was required to be done, or some ordinary or proper precaution was improperly omitted, it is diffiult to see how the owner can be charged with improper conduct or negligence. There is nothing in the case before us to show or justify the conclusion that the defendant, even if the contract under which the work was done had been made by competent authority to bind it, could be charged with the improper or careless use of the property. So far as appears, there was nothing unusual in its pror visions, or that it contains anything more or less than was necessary or proper to do the work properly.
The effect of the decision of the court below is to hold the defendant to a greater liability, although the work was done without its authority, and under an agreement with the company, than if it had been done by its express direction, and under a contract with its proper officers, duly executed. The contract was*made with Snediker & Patton, builders. They, it appears, employed Kenny to do the mason work, and the injury to the plaintiffs resulted from the negligent execution of that work, and not from any fault or misconduct of Snediker & Patton. Under such circumstances the defendant would not have been liable. The injury was done while the work was in progress, by a party over whom the defendant had no control, and for whose acts it was not respqnsible. If an express authority to do the work would not have created a liability to the plaintiffs, a mere acquiescence in its performance could not, and we are led to the conclusion that the plaintiffs have sought redress from "a party without fault, and that the recovery' is wrong.
The judgment of the justice and of the county court, affirming the same, must be reversed, with costs of the appeals to the county court and in this court.